McGREGOR SCOTT
United States Attorney
PAUL A. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

LOUISA K. MARION
Senior Counsel
Computer Crime and Intellectual Property Section
950 Pennsylvania Avenue, N.W.
John C. Keeney Bldg., Suite 600
Washington, DC 20530-0001
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

**FILED**

MAY 02 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-0080 KJM |
|---|---|
| Plaintiff, | 18 U.S.C. § 1028(a)(2), (b)(1)(A), (d)(4), & (f) – Conspiracy to Transfer False Identification Documents (2 counts); 18 U.S.C. § 1028(a)(2), (b)(1)(A) & (d)(4) – Transfer of a False Identification Document (7 counts); 18 U.S.C. § 1029(a)(4), (b)(1) and (2) – Attempted Trafficking of Device Making Equipment, Attempt, (one count); 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1028(b)(5), and 18 U.S.C. § 1029(c)(1)(C) – Criminal Forfeiture |
| v. | |
| ANDREA ALESSANDRINI and EVAN HAYES, | |
| Defendants. | |

INDICTMENT

COUNT ONE:   [18 U.S.C. § 1028(a)(2), (b)(1)(A), (d)(4), and (f) – Conspiracy to Transfer False Identification Documents]

The Grand Jury charges:

ANDREA ALESSANDRINI and
EVAN HAYES,

INDICTMENT

1

defendants herein, as follows:

## I.   INTRODUCTION

At all times relevant to this indictment:

1. ALESSANDRINI and HAYES were partners operating as a high-level vendor and supplier on online marketplaces AlphaBay Market and Dream Market, among others. These online marketplaces operated as "hidden services" on the Tor network, which anonymized the physical location of the servers hosting their data. The Tor network was designed to facilitate anonymous communication over the internet. The use of the Tor network made it difficult for law enforcement agents to determine the host's, administrator's, or users' true identities and locations. "Hidden services" that host illegal items for sale are known generally as "dark markets."

2. Dark markets such as AlphaBay Market and Dream Market operated similarly, and much like conventional e-commerce websites. Site users registered for free accounts and selected screen names and passwords of their choosing. Once an account was created, users were able to browse goods for sale, which were typically organized by category on the site's home page. These sites further provided a search capability that enabled users to find listings for the types of illegal goods or services they wanted to purchase. Dark markets typically required their users to transact in virtual currencies, including Bitcoin, and did not allow for transactions in official, government-backed currencies. As agreed to by all vendors, dark markets took a percentage of the purchase price as a commission on the illegal transactions conducted through their websites. The administrators of the dark markets controlled and profited from those commissions.

3. Until it was seized by U.S. law enforcement in July 2017, AlphaBay Market was the largest dark market on the internet. Users in the United States and abroad used AlphaBay Market to buy and sell malicious software, hacker-for-hire services, stolen financial information and payment cards/numbers, access device-making equipment, firearms and explosives, counterfeit goods and currency, toxic chemicals, illegal narcotics and other controlled substances, and other illegal contraband using virtual currencies, including Bitcoin, Ethereum and Monero.

4. Dream Market was one of the largest dark markets through which users in the United States and abroad bought and sold malicious software, stolen financial information, counterfeit goods,

1  illegal narcotics and other controlled substances online, using Bitcoin and other virtual currencies. As of
2  November 30, 2018, there were approximately 150,739 listings on Dream Market for predominantly
3  illicit goods and services.

## II.   THE CONSPIRACY

5.   Beginning on or about May 28, 2015, and continuing to on or about October 24, 2017, the defendants, with one another and other persons known and unknown to the Grand Jury, in the County of Placer, within the State and Eastern District of California, and elsewhere, did conspire to knowingly transfer false identification documents, including drivers' licenses, knowing that such documents would be produced without lawful authority, and the transfer of such false identification documents would be in and affect interstate commerce, and would be transported in the mail in the course of the transfer.

6.   It was further a part and object of the conspiracy that the defendants and other persons, known and unknown to the Grand Jury, did knowingly agree to transfer such false identification documents communicating through a website, to wit: AlphaBay Market, a dark market.

## III.   MANNER & MEANS

7.   Buyers seeking to purchase false identification documents, such as drivers' licenses and United States Social Security cards, found those products for sale on AlphaBay Market and Dream Market. Buyers then initiated their purchases by bidding on the item and transferring virtual currency to AlphaBay Market and Dream Market.

8.   The vendors, including ALESSANDRINI and HAYES, then completed the sale by transferring the item to the buyer via United States Postal Service or some other means of delivery.

9.   AlphaBay Market and Dream Market released the virtual currency to the vendors, minus the commissions earned by the respective dark market.

All in violation of Title 18, United States Code, Section 1028(a)(2), (b)(1)(A), (d)(4), and (f).

///
///
///
///

COUNTS TWO THROUGH FIVE: [18 U.S.C. § 1028(a)(2), (b)(1)(A) & (d)(4)– Transfer of a False Identification Document]

The Grand Jury charges:

ANDREA ALESSANDRINI and
EVAN HAYES,

defendants herein, as follows:

1. The allegations in paragraphs 1-4 and 7-9 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about each date set forth in the table below, the defendants, in the County of Placer, within the State and Eastern District of California, and elsewhere, did knowingly transfer each false identification document set forth in the table below, knowing that such document was produced without lawful authority, and the transfer of such false identification document was in and affected interstate commerce and was transported in the mail in the course of the transfer.

| Count | Order Date | Transfer Date | Document Type/ Mailing Locations/ Dark Market | Buyer/ Delivery Location |
|---|---|---|---|---|
| Two | 5/28/15 | 6/11/15 | False state-issued driver's license mailed from outside California, purchased on AlphaBay Market | "D.S.," an undercover agent, received in Roseville, California |
| Three | 3/30/16 | 4/20/16 | False state-issued driver's license mailed from outside California, purchased on AlphaBay Market | "D.S.," an undercover agent, received in Roseville, California |
| Four | 3/30/16 | 4/20/16 | False state-issued driver's license mailed from outside California, purchased on AlphaBay Market | "D.S.," an undercover agent, received in Roseville, California |
| Five | 10/13/16 | 11/1/2016 | False state-issued driver's license mailed from outside California, purchased on AlphaBay Market | "D.S.," an undercover agent, received in Roseville, California |

All in violation of Title 18, United States Code, Section 1028(a)(2), (b)(1)(A)(ii), and (d)(4).

COUNT SIX: [18 U.S.C. § 1028(a)(2), (b)(1)(A), (d)(4), and (f) – Conspiracy to Transfer False Identification Documents]

The Grand Jury charges:

ANDREA ALESSANDRINI,

defendant herein, as follows:

1. The allegations in paragraphs 1-4 and 7-9 of Count One of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning on or about September 6, 2018, and continuing at least until on or about February 27, 2019, the defendants, other persons unknown to the Grand Jury, in the County of Placer, within the State and Eastern District of California, and elsewhere, did conspire to knowingly transfer false identification documents, including United States Social Security cards and drivers' licenses, knowing that such documents would be produced without lawful authority, and the transfer of such false identification documents would be in and affect interstate and foreign commerce, and would be transported in the mail in the course of the transfer.

3. It was further a part and object of the conspiracy that defendants and other persons, known and unknown to the Grand Jury, did knowingly agree to transfer such false identification documents communicating through a website, to wit: Dream Market, a dark market.

4. As agreed to by ALESSANDRINI, and all other vendors, Dream Market took a percentage of the purchase price as a commission on the illegal transactions conducted through its website. The administrator of Dream Market and other operators and employees of the site, controlled and profited from those commissions.

All in violation of Title 18, United States Code, Section 1028(a)(2), (b)(1)(A), (d)(4), and (f).

COUNT SEVEN: [18 U.S.C. § 1028(a)(2), (b)(1)(A) & (d)(4) – Transfer of a False Identification Document]

The Grand Jury charges:

ANDREA ALESSANDRINI,

defendant herein, as follows:

1. Between on or about September 6, 2018 and on or about September 19, 2018, defendant ANDREA ALESSANDRINI, with other persons known and unknown to the Grand Jury, in the County of Placer, within the State and Eastern District of California, and elsewhere, did knowingly transfer a false United States Social Security card, a false identification document that appeared to be issued by and under the authority of the United States Government, knowing that such document was produced without lawful authority. The transfer of such identification document was in and affected interstate

1 | commerce and was transported in the mail in the course of the transfer.

2 |     2.    The buyer of the card was "M.B.," an undercover agent, who received the card in Roseville, California. The purchase of the card occurred on the Dream Market.

All in violation of Title 18, United States Code, Section 1028(a)(2), (b)(1)(A)(i), and (d)(4).

COUNT EIGHT: [18 U.S.C. § 1028(a)(2), (b)(1)(A) and (d)(4) – Transfer of a False Identification Document ]

The Grand Jury charges:

ANDREA ALESSANDRINI,

defendant herein, as follows:

    1.    Between on or about October 17, 2018 and on or about December 6, 2018, defendant, with other persons known and unknown to the Grand Jury, in the County of Placer, within the State and Eastern District of California, and elsewhere, did knowingly transfer a false United States Social Security card, a false identification document that appeared to be issued by and under the authority of the United States Government, knowing that such document was produced without lawful authority, and the transfer of such identification document was in and affected interstate and foreign commerce.

    2.    The buyer of the card was "M.B.," an undercover agent, who received the card in Roseville, California. The purchase of the card occurred on the Dream Market.

All in violation of Title 18, United States Code, Section 1028(a)(2), (b)(1)(A)(i), and (d)(4).

COUNT NINE: [18 U.S.C. § 1028(a)(2), (b)(1)(A) & (d)(4) – Transfer of a False Identification Document]

The Grand Jury charges:

ANDREA ALESSANDRINI,

defendant herein, as follows:

    1.    Between on or about January 30, 2019 and on or about February 27, 2019, defendant, with other persons known and unknown to the Grand Jury, in the County of Placer, within the State and Eastern District of California, and elsewhere, did knowingly transfer a false New York state driver's license, an identification document, knowing that such document was produced without lawful authority, and the transfer of such false identification document was in and affected foreign commerce.

2. The buyer of the card was "M.B.," an undercover agent, in Roseville, California, who received the card in Roseville, California. The purchase of the card occurred on the Dream Market. All in violation of Title 18, United States Code, Section 1028(a)(2), (b)(1)(A)(ii), and (d)(4).

COUNT TEN: [18 U.S.C. § 1029(a)(4), (b)(1), (b)(2), and (c)(1)(A)(ii) – Attempted Trafficking in, and Trafficking in Device Making Equipment]

The Grand Jury further charges: T H A T

ANDREA ALESSANDRINI,

between on or about August 20, 2015 and on or about September 18, 2015, with other persons, known and unknown to the Grand Jury, in the County of Placer, within the State and Eastern District of California, and elsewhere, knowingly and with the intent to defraud, did and attempted to, traffic in, have control and custody over, and possess, device-making equipment, as defined in subsection (e)(6), to wit, a "Triton" style automated teller machine skimming device, purchased on AlphaBay Market, mailed from outside California to an undercover agent, D.S., in Roseville, California, affecting interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(4), (b)(1), & (c)(1)(A)(ii).

FORFEITURE ALLEGATION: [18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1028(b)(5), and 18 U.S.C. § 1029(c)(1)(C) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Ten of this Indictment, defendants ANDREA ALESSANDRINI and EVAN HAYES shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly, as a result of said violations, including but not limited to the following:

    a. Approximately $134,881.00 in U.S. Currency,
    b. Approximately 14.78206831 Bitcoins seized from Evan Hayes and moved to secure government-controlled Bitcoin address: 1PLJ7xnTGLbBGyAS31HeDbaEXTZPAnXDd,
    c. Approximately 285 ounces of silver (12 silver bars, 75 silver coins),
    d. Approximately 4 ounces of gold (4 gold coins),
    e. Approximately 22 prepaid Visa/gift cards,
    f. Any and all cryptocurrency seized from the personal computer, wallet addresses, and media of Andrea Alessandrini, and
    g. A sum of money equal to the amount of proceeds obtained directly or indirectly, as a result of such offenses, for which defendants are convicted.

2. Upon conviction of one or more of the offenses alleged in Counts One through Nine of

this Indictment, defendants ANDREA ALESSANDRINI and EVAN HAYES shall forfeit to the United States pursuant to 18 U.S.C. § 1028(b)(5), any personal property used or intended to be used to commit the offenses.

3. Upon conviction of the offense alleged in Count Ten of this Indictment, defendant ANDREA ALESSANDRINI shall forfeit to the United States, pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses.

4. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Ten of this Indictment, for which defendants are convicted:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§ 982(b)(1), 1028(g), and 1029(c)(1)(C)(2), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

MCGREGOR W. SCOTT
United States Attorney

No. 2:19-CR-0080 KJM

---

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
vs.

### ANDREA ALESSANDRINI and
### EVAN HAYES

---

## I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1028(a)(2),(b)(1)(A), (d)(4), &(f) – Conspiracy to Transfer and Transfer of a False Identification Document (Two Counts);
18 U.S.C. § 1028(a)(2),(b)(1)(A), (d)(4) – Transfer of a False Identification Document (Seven Counts);
18 U.S.C. § 1029(a)(4), (b)(1), (b)(2), & (c)(1)(A)(ii) – Conspiracy to Traffic in, Attempted Trafficking in, and Trafficking in Device Making Equipment;
18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1028(b)(5), and 18 U.S.C. § 1029(c)(1)(C) – Criminal Forfeiture

---

*A true bill,*  **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* __2__ *day of* __May__, A.D. 20__19__

_____
*Clerk*

**NO PROCESS NECESSARY**

*Bail, $* _____

_____

GPO 863 525

# United States v. Alessandrini, Hayes
## Penalties for Indictment

**COUNTS 1:**           (as to Alessandrini and Hayes)

VIOLATION:      18 U.S.C. § 1028(a)(2), (b)(1)(A), (d)(4), & (f) - Conspiracy to Transfer False Identification Documents

PENALTIES:      Maximum of 15 years imprisonment, or
                Fine of up to $250,000; or both fine and imprisonment
                Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 2-5:**         (as to Alessandrini and Hayes)

VIOLATION:      18 U.S.C. § 1028(a)(2), (b)(1)(A), (d)(4), & (f)  Transfer of a False Identification Document

PENALTIES:      Maximum of 15 years imprisonment, or
                Fine of up to $250,000; or both fine and imprisonment
                Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 6:**            (as to Alessandrini)

VIOLATION:      18 U.S.C. § 1028(a)(2), (b)(1)(A), (d)(4), & (f) - Conspiracy to Transfer of a False Identification Document

PENALTIES:      Maximum of 15 years imprisonment, or
                Fine of up to $250,000; or both fine and imprisonment
                Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNTS 7-9:**         (as to Alessandrini)

VIOLATION:      18 U.S.C. § 1028(a)(2), (b)(1)(A), (d)(4), & (f)  Transfer of a False Identification Document

PENALTIES:      Maximum of 15 years imprisonment, or

2:19 - CR - 0 0 8 0 KJM

                Fine of up to $250,000; or both fine and imprisonment
                Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 10:**            (as to Alessandrini)

VIOLATION:      18 U.S.C. § 1029(a)(4), (b)(1), (b)(2) & (c)(1)(A)(ii) – Attempted Trafficking in, and Trafficking in Device Making Equipment

PENALTIES:      Up to 15 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:**

VIOLATION:      18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1028(b)(5), and 18 U.S.C. § 1029(c)(1)(C)

PENALTIES:      As stated in the charging document