MICHAEL CHASTAINE, State Bar #121209
THE CHASTAINE LAW OFFICE
2377 Gold Meadow Way, Suite 100
Gold River, CA 95670
Telephone: 916-732-7150

Attorney for Defendant
Andrea Alessandrini

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ANDREA ALESSANDRINI.<br><br>          Defendants. | Case No.: 19 CR 0080 KJM<br><br>MEMORADUM IN SUPPORT OF PROBATION'S RECOMMENDATION |

Regarding the guideline recommendations (page 8, items 18 through 29) the Probation Officer recommended two (2) specific Offense Characteristic in addition to loss amount, to wit: USSG sections 2B1.1.(b)(10(C) [commonly known as sophistication] and 2B1.1(b)(11)(A)(i) – [device-making equipment.]. Probation did not recommend a finding under 2.B1.1(b)(2)(A)(ii) [mass marketing.] In anticipation for the government's argument for such a characteristic, we submit the following argument.

United States Sentencing Guideline section 2.B1.1(b)(2)(A)(ii) provides for a two-level enhancement "[I]f the offense … was committed through mass-marketing[.]" Although the Government has argued Mr. Alessandrini's offense amounts to "mass marketing," Probation declined to recommend this two-level enhancement.

The Advisory Committee Note explains: "For purposes of subsection (b)(2), "mass marketing" means a plan, program, promotion, or campaign that is conducted through

solicitations by … the Internet, or other means to induce a large number of persons to … purchase goods or services[.]. "Mass marketing" includes, for example, a telemarketing campaign that solicits a large number of individuals to purchase fraudulent life insurance policies."

In support of their argument (in their informal objections) for the two-level "mass marketing" enhancement, the Government cites *U.S. v. Pirello* 255 F.3d 728 (9th Cir. 2001). In *Pirello,* the defendant placed online advertisements for computers that he had no intention of providing to buyers. Through his online advertisements, three individuals placed orders for computers they never received. Mr. Pirello's sentence was increased by two levels based on the "mass marketing" enhancement under U.S.S.G. section 2F1.1.1(b)(3). The district court justified the enhancement, arguing the use of the Internet provided "the broadest possible solicitation" to a "world wide audience." The reviewing court upheld the holding.

Unlike Mr. Pirello, who advertised on the widely accessible and widely trafficked Internet, Mr. Alessandrini resold identifications in the online market which was operated through "hidden services" [sometimes referred to as the dark web] on the Tor network. Although the hidden services are available to the public, it is not "the broadest possible solicitation." In fact, the hidden services are specifically intended to reach a very select group.

In *U.S. v. Hanny*, 509 F.3d 916 (8th Cir. 2007), the defendant was convicted of conspiring to distribute controlled substances outside the course of normal medical practice. The court held the distribution was through mass marketing and applied the enhancement under U.S.S.G. section 2D1.1(b)(5). The reviewing court upheld the enhancement, noting the defendant's website was "reachable by an ordinary web search engine." The Court was careful to

emphasize "the mere use of a website is not sufficient to trigger this [mass marketing] enhancement." (*Hanny*, supra at 920.)

  In Mr. Alessandrini's case, his website, unlike Mr. Hanny's website, is not reachable by an ordinary web search engine. It, in fact, resides in the "dark net," a localized area of the Internet utilized by a distinguishable group. It is not readily accessed through an "ordinary web search engine." It is not the equivalent of a "billboard."  A simple "google search" will not access this information.

  In support of their argument, the Government also notes Mr. Alessandrini was responsible for at least 758 transactions. The Sentencing Guidelines, however, focus on the "solicitation schemes" and not the actual number of "victims."(See *U.S. v. Pirello,* supra, 255 F.3d 728, 732); see also, *U.S. v. Heckel*, 570 F.3d 791, 794 (7th Cir. 2009).) In both *Pirello* and *Heckel*, the respective courts reject the argument that the relatively small number of actual victims negated the defendants had engaged in "mass marketing."

  In *Pirello*, the defendant used Internet classifies to advertise computers for sale; however, only three people responded to his fraudulent advertisement. The court held the actual victims was "in no way indicative of the breadth of Pirello's solicitation." In *Heckel*, the defendant used Internet websites to post items for sale with the intent of defrauding bidders. He argued because only one of the several bidders would fall victim to each fraudulent sale, the relatively small number of actual victims negated a "mass marketing" enhancement. The court rejected Heckel's argument, holding "… the mass-marketing enhancement focuses on defendants who have used a particular solicitation method to increase the number of potential victims." (*Heckel, supra,* at 794.)

It should also be noted that it is the sophistication of the use of the hidden services of the dark web that support the two-level increase under 2B1.1(b)(10(C). This same sophistication undermines that mass marketing argument in that the information is available only to a highly selective set of customers.

In Mr. Alessandrini's case, the court should direct its attention to Mr. Alessandrini's means of solicitation and not the actual number of transactions. To the benefit of the Government, the courts have previously held that the number of actual victims is not the focus of the "mass marketing" enhancement; rather, the focus of the enhancement is the method of solicitation. In the present case, the Government has attempted to obscure the focus of the enhancement by drawing the Court's attention to the number of transactions. That is irrelevant. The appropriate focus is the solicitation scheme in which Mr. Alessandrini conducted the said transactions. As discussed supra, Mr. Alessandrini's solicitation scheme is limited to a very select audience despite the fact that it could be conducted by the use of a computer.

Furthermore, the case law provided by the Government is distinguishable in that those cases involved "victims." In Mr. Alessandrini's case, his solicitation scheme reached fellow wrongdoers, not equivalent "victims."

The Court is urged to adopt the Probation Officers recommendations regarding the specific office characteristics and the Total Offense Level.

                Respectfully submitted.

Dated: February 28, 2021      *Michael Chastaine /s/*
                Michael Chastaine
                Attorney for Andrea Alessandrini